# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LISA R. YANCEY,**

    **Appellant-Debtor,**

  **v.**                                                                                                 **Case No. 07-C-1063**

**MARY B. GROSSMAN,**

    **Appellee-Trustee.**

# DECISION AND ORDER

The *pro se* debtor-appellant, Lisa Yancey ("Yancey"), filed the above-captioned bankruptcy appeal that is currently pending before the Court. For the following reasons, the Court will affirm the ruling of the bankruptcy court and dismiss this action in its entirety.

## BACKGROUND

Yancey filed a petition, *pro se*, for relief under chapter 13 of the Bankruptcy Code on September 19, 2007. This petition was the third bankruptcy case that she filed in 2007.[1] On October 11, 2007, Yancey filed a motion to impose the automatic stay, and the bankruptcy court scheduled a hearing on the motion for October 30, 2007. The bankruptcy court also, *sua*

---

[1] The first bankruptcy petition that she filed was on January 12, 2007, which was dismissed on August 1, 2007. She filed her second bankruptcy petition on July 12, 2007, which was dismissed on August 29, 2007. Yancey is not appealing the decisions of those two bankruptcy petitions. She is only appealing the result of her third bankruptcy petition.

1

*sponte*, issued a motion and order to show cause as to why Yancey's case should not be dismissed.

At the October 30, 2007 hearing, after the bankruptcy court considered testimony and argument from both parties, it denied Yancey's motion to impose the automatic stay and dismissed her case. Her motion to impose a stay was denied because Yancey failed to adequately rebut the presumption that her bankruptcy case was not filed in good faith as required by 11 U.S.C. § 362(c)(4)(D). Furthermore, the bankruptcy court dismissed her case because she was not entitled to be a debtor in any case for 180 days after the dismissal of her first Chapter 13 case. Yancey now appeals the bankruptcy court's denial of her request for an automatic stay and the dismissal of her case.

## DISCUSSION

The Court may review a bankruptcy court's factual findings for clear error and its legal conclusions *de novo*. *Meyer v. Riddon*, 36 F.3d 1375, 1378 (7th Cir. 1994). Yancey's appeal clearly has no merit.

The Court notes as a preliminary matter that Yancey never filed a brief in support of her appeal. After she filed a Notice of Appeal on November 30, 2007, the clerk of court notified her that the briefing schedule would be governed by Bankruptcy Rule 8009. Rule 8009 obligates her to file and serve a brief within 15 days after entry of the appeal on the docket. Yancey failed to do so.

The Court will, nevertheless, address the merits of her action. First, the bankruptcy court did not err by dismissing her case. Section 109(g)(2) of Title 11 prohibits individuals

2

from being debtors in a case during the 180-day period following voluntary dismissal of a prior bankruptcy case in which a motion for relief from the automatic stay had been filed. That is precisely what happened here. There is no dispute that: (1) Yancey filed two previous bankruptcies in 2007; (2) in her first 2007 case, Yancey requested and obtained a voluntary dismissal of her case, effective August 1, 2007, after Goldman Sachs Mortgage Company ("Goldman Sachs") filed a motion for relief from the automatic stay; (3) Yancey filed a second bankruptcy case on July 12, 2007, and again voluntarily dismissed her case; and (4) Yancey filed the present case on September 19, 2007. Yancey did, therefore, precisely what § 109(g)(2) explicitly prohibits: she voluntarily dismissed her prior bankruptcy case after a motion for relief from an automatic stay had been filed, and then filed another bankruptcy case within 180 days of that voluntary dismissal. The bankruptcy court properly dismissed her case pursuant to § 109(g)(2).

The bankruptcy court also properly denied her motion to impose an automatic stay. Section 362(c)(4) states that, if a debtor has filed two or more bankruptcies that were pending within the previous year but were dismissed, it is presumed that the case is filed in bad faith. The debtor may obtain an automatic stay in such circumstances if the debtor rebuts the presumption of bad faith with clear and convincing evidence. Yancey made no such showing here. At the hearing before the bankruptcy court, Yancey did not produce any tangible evidence substantiating her claims that she could fund a Chapter 13 plan. Furthermore, she failed to file schedules, a plan, and other required documents for a Chapter 13 case. The bankruptcy court's denial of her request for a stay was reasonable and will not be disturbed.

3

There is one final matter to address before concluding. While Yancey never filed a brief in support of her appeal, Yancey has, nevertheless, filed a slew of plainly frivolous motions and documents. For instance, she has filed "warrants for arrest" of various individuals and proposed orders that would award her amounts in excess of $4,000,000.00. Yancey must stop filing such documents to this Court. They are without merit and will not be considered. Also, Yancey is hereby put on notice that the Court may sanction her if she files one more frivolous motion or request. The Court may sanction a litigant, even a *pro se* litigant, for filing frivolous matters regardless of the motives of such filing. *See United States ex rel. Verdone v. Circuit Court*, 73 F.3d 669 (7th Cir. 1995) (per curiam).

This case is closed. Yancey's appeal is plainly without merit and the rulings of the bankruptcy court are affirmed.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The Bankruptcy Court's Denial of Yancey's Request for an Automatic Stay is **AFFIRMED**.

The Bankruptcy Court's Dismissal of Her Bankruptcy Case is **AFFIRMED**.

Dated at Milwaukee, Wisconsin this 11th day of January, 2008.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa**
**Chief Judge**

4